**In the United States District Court**
**Eastern District of Missouri**
**Eastern District**

| | |
|---|---|
| Mary Corso, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    Cause No. _____ |
| | ) |
| US Bank, National Association, | ) |
| | ) |
| | ) |
|       Defendant. | ) |

## Complaint
## Discrimination under the Americans with Disability Act and Title VII

COMES NOW Plaintiff Mary Corso, by and through counsel, and for her cause of action against Defendant US Bank., states and alleges as follows:

### JURISDICTION AND VENUE

1.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Americans with Disability Act, 42 U.S.C. §12101 et. seq. ("ADA").  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343.

2.  Venue is proper because the unlawful acts alleged in this Complaint were committed within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division.

1

## PARTIES

3.  Plaintiff is a female citizen of the United States and the state of Missouri.  She is a resident of the Eastern District of Missouri.

4. Defendant is a corporation who, at all relevant times, was authorized to do business within the Eastern District of Missouri.

5. At all material times to this action, Defendant engaged in an industry affecting commerce.  Defendant has employed twenty (20) or more employees for each working day of twenty or more calendar weeks.  Defendant is therefore "an employer" within the meaning of Title VII,  and the ADA.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 15, 2020.

7. Thereafter, Plaintiff received a "Notice of Right to Sue" from the EEOC on March 19, 2020, and she has initiated this action within ninety (90) days of receipt thereof.

## FACTS COMMON TO ALL COUNTS

8.  Defendant holds itself out to the public as an equal opportunity employer committed to the letter and spirit of all laws and regulations that govern the workplace.

2

9.  Defendant provided training and guidance to its managers regarding compliance with anti-discrimination laws and regulations.

10.  Plaintiff is over the age of forty and employed by US Bank as a full-time Data Analytics 4 position in the Mortgage Analytics and Data Science Team in Earth City, Mo.

11.  Plaintiff has worked for the company since 2008 with good work performance.

12.  After a meeting on July 11, 2019, Plaintiff complained to Human Resources about age and sex discrimination by a manager, Scott Schenck.

13.  The response to Plaintiff's complaint of discrimination to Human Resources was  that they investigated the incident and did not believe there was any discrimination because Schenck called  her and apologized for the abusive comments he made to Plaintiff  and Cassie Cundiff.

14.  On August 25, 2019, Plaintiff suffered a stroke that has left her disabled with impaired vision where she cannot work under particular kind of lighting that causes significant headaches that render her incapable of functioning, and she has decreased circulatory function that makes her body more susceptible to a stroke or other heart conditions.

15.  Before Plaintiff was set to return to work in November, she asked for a reasonable accommodation for her disability.  The requested reasonable

3

accommodation was that she work from home full-time so that she could manage the lighting situation and continue to work.  Plaintiff's request was denied.

16.  Plaintiff  was told by her immediate supervisor, Kim Wilson, that Schenck threatened to deny Plaintiff use of earned vacation time to bridge her return to work.

17.   Plaintiff complained to HR on November 20, 2019, about the failure to grant her requested accommodation,  and the threat to her use of vacation time. She told HR that she  had made an appointment to meet with the EEOC to file a Charge.  Plaintiff  also asked HR to investigate her  complaint about the failure to grant her request for a reasonable accommodation of her disability.

18.  Defendant allowed Schenck to deny Plaintiff's request to work from home full-time as an accommodation of her disability despite the fact that Schenck allowed two men (Scott Bishop and Roy Lambert) to work from home and denied a woman (Wei Ling) the ability to work from home, which Plaintiff  believes points to sex discrimination as well as the unlawful retaliation.

## COUNT I - ADA – DENIAL OF REQUEST FOR A REASONABLE ACCOMMODATION OF A DISABILITY

19.  Plaintiff incorporates by reference paragraph numbers three through eighteen.

20.  Defendant is engaged in an industry affecting commerce within the meaning of the ADA.

4

21.  Defendant is an employer within the meaning of the ADA.

22.  Defendant employs more than 500 employees.

23.  Plaintiff is a qualified person with a disability in that the major life activity of seeing is impaired because of the problems with her bodily function of circulatory function hat caused a stroke and the impairment of her eyesight, which makes it painful for her to work under certain lighting conditions.

24.  Plaintiff provided all of the  medical documentation from her doctor required by Defendant's policy that allows employees to work from home.

25.  Plaintiff requested to work from home as  a reasonable accommodation of her disability that impacted her eyesight because at home she can work under the right kind of light that will not cause her pain and consequently will allow her to perform her job.

26.  Defendant denied her request for a reasonable accommodation.

27.  Defendant's conduct was and is in violation of the ADA.

28. Plaintiff further alleges that the Defendant's conduct as herein alleged has caused Plaintiff to lose wages and other benefits of employment and to suffer embarrassment, humiliation, loss of professional reputation, physical and emotional distress.

29.  Defendant's conduct was taken with reckless indifference to the protected rights of Plaintiff.

WHEREFORE, on Count I, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff by Defendant's refusal to reasonably accommodate Plaintiff's disability under the ADA with the intent of making Plaintiff's working conditions so intolerable that she would quit; that Plaintiff be compensated for all losses and damages suffered as a result of Defendant's conduct, including, but not limited to, compensatory and punitive damages, past and future lost income, past and future lost retirement income, and other financial benefits of employment; that Plaintiff be awarded  prejudgment interest on lost wages and benefits of employment; that Defendant be enjoined from engaging in the unlawful employment practices complained of herein; and that Plaintiff be awarded attorney's fees and costs reasonably expended on this case and further relief as this Court deems appropriate under the circumstances.

## COUNT II – TITLE VII - SEX DISCRIMINATION

30.  Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 3 through 29.

31.  Plaintiff was denied a reasonable accommodation for her disability because of her sex in that men who requested the reasonable accommodation of working from home under Defendant's policy were granted the request by Defendant, but women like Plaintiff and Wei Ling were denied their request.

32.  Defendant's decision to deny Plaintiff her requested reasonable accommodation is a violation of Title VII.

33. Plaintiff further alleges that the Defendant's conduct as herein alleged has caused Plaintiff to lose wages and other benefits of employment and to suffer embarrassment, humiliation, loss of professional reputation, physical and emotional distress.

34.  Defendant's conduct was taken with reckless indifference to the protected rights of Plaintiff.

WHEREFORE, on Count II, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff by Defendant's refusal to grant her requested reasonable accommodation because of her sex; that Plaintiff be compensated for all losses and damages suffered as a result of Defendant's conduct, including, but not limited to, compensatory and punitive damages, past and future lost income, past and future lost retirement income, and other financial benefits of employment; that Plaintiff be allowed to work from home; that Plaintiff be awarded  prejudgment interest on lost wages and benefits of employment; that Defendants be enjoined from engaging in the unlawful employment practices complained of herein; and that Plaintiff be awarded attorney's fees and costs reasonably expended on this case and further

relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

**GHIO LAW FIRM LLC**

By: _____
Matthew J. Ghio           #44799MO
3115 S. Grand, Suite 100
St. Louis, Missouri  63118
(314) 707-5853
(314) 732-1404 (fax)
Attorneys for Plaintiff
matt@ghioemploymentlaw.com